UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :

SUSANNAH MULHEARN, individually and on behalf
of all others similarly situated,

                              Plaintiff,

            – against –

LORD & TAYLOR, LLC,

                            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**COLLECTIVE AND CLASS
ACTION COMPLAINT**

**Case No. _____**

Plaintiff Susannah Mulhearn, individually and on behalf of all others similarly situated, by her attorneys, Sapir Schragin LLP, respectfully alleges as follows:

**PRELIMINARY STATEMENT AS TO NATURE OF ACTION**

1.     Ms. Mulhearn, on behalf of herself and other similarly situated current and former employees of Lord & Taylor, LLC ("Lord & Taylor") in the position of Sales Associate in the Ladies' and Men's Shoe Departments in all Lord & Taylor stores in the State of New York, brings this: (1) Collective Action against Defendant pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, for failure to pay overtime compensation; and (2) Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure, for unpaid overtime wages under the New York State Labor Law ("NYSLL"), Article 19, §§ 650 *et seq.*, and the applicable regulations of the New York State Department of Labor, 12 N.Y.C.R.R. Part 142; unlawful deductions from wages under NYSLL §193 and the applicable regulations of the New York State Department of Labor; and for the failure to pay proper commissions under NYSLL §191.1.c and the applicable regulations of the New York State Department of Labor.

2.      Defendant willfully engaged in a pattern, policy and practice of unlawful conduct as described below, in violation of the federal and state rights of Ms. Mulhearn, and all similarly situated current and former Sales Associates in the Ladies' and Men's Shoe Departments in Defendant's stores in the State of New York.

3.      This action seeks to recover unpaid overtime wages, monies that were wrongfully deducted from wages and commissions that are owed and were not payed to Ms. Mulhearn and all current and former employees of Defendant who work, or worked, for Defendant at its stores in the State of New York and who performed duties similar to those Ms. Mulhearn performed.  For at least six years prior to the filing of this Complaint, Defendant continuously and willfully violated the NYSLL, and for at least three years prior to the filing of this Complaint, Defendant continuously and willfully violated the FLSA, in both cases by: (a) paying Sales Associates in the Ladies' and Men's Shoe Departments overtime hours at the minimum wage rate and not at the statutory required time and a half; (b) failing to pay its Sales Associates in the Ladies' and Men's Shoe Departments overtime wages for hours worked in excess of 40 hours each workweek; (c) failing to pay its Sales Associates in the Ladies' and Men's Shoe Departments minimum wage for all hours worked; (d) failing to pay Sales Associates in the Ladies' and Men's Shoe Departments all earned commissions; (e) making unlawful deductions from the commissions earned by the Sales Associates in the Ladies' and Men's Shoe Departments; and (f) failing to follow its own Commission Program by charging Sales Associates in the Ladies' and Men's Shoe Departments for returns against their commissions which were not authorized by the Program.

4.      Ms. Mulhearn and all similarly situated current and past employees who participate in this action seek unpaid commissions, minimum wages and overtime wages, liquidated damages,

2

pre- and post-judgment interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and Article 19 of the NYSLL.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claims are brought pursuant to a federal statute, FLSA 29 U.S.C. § 216(b).

6.      The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      This Court has supplemental jurisdiction over the claims arising under New York State law pursuant to 28 U.S.C. § 1367(a) because the New York State law claims are so closely related to the federal claims of Ms. Mulhearn and the proposed collective and class as to form the same case or controversy.

8.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District, conducts business in this District and is subject to personal jurisdiction within the State of New York and this District.  Additionally, at all relevant times, Ms. Mulhearn worked for Defendant in Scarsdale, New York, which is within this District. Further, the acts and omissions giving rise to the claims alleged took place in this District.

## THE PARTIES

9.      Ms. Mulhearn resides in Cortland Manor, New York.  She was employed by Defendant in its Eastchester Store (which is located in Scarsdale, New York) from in or about October 2012 through on or about August 11, 2018 as a Sales Associate in the Ladies' Shoe Department.

10.      At all relevant times, Ms. Mulhearn was an employee of Defendant within the meaning of the FLSA and NYSLL.

11.    Ms. Mulhearn consents to be a party to this lawsuit pursuant to 29 U.S.C. § 216(b) and brings these claims based upon the allegations alleged here as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

12.    Upon information and belief, Defendant Lord & Taylor is a Delaware limited liability company authorized to do business in New York.  Lord & Taylor is a wholly owned subsidiary of Lord & Taylor Holdings, LLC which, in turn, is a wholly owned subsidiary of Hudson's Bay Company.  Lord & Taylor's principal place of business is located at 424 5th Avenue, New York, NY, 10018.

13.    Lord & Taylor operates retail and clothing stores throughout New York and the United States that offer, among other things, women's clothing, men's and ladies' shoes, handbags, home goods, jewelry and accessories, beauty items, men's clothing, and children's clothing.  Lord & Taylor also sells these items online.  Lord & Taylor operates 12 stores in the State of New York. The Eastchester Store at which Ms. Mulhearn worked employs, or employed, 45 to 60 people in the Ladies' and Men's Shoe Departments during the relevant time period of this lawsuit.  Upon information and belief, the other stores employed a similar, although slightly smaller, number of employees in the Ladies' and Men's Shoe Departments.

14.    At all relevant times, Defendant was an employer within the meaning of the FLSA and the NYSLL.

15.    At all relevant times, Defendant operated and engaged in interstate commerce, within the meaning of the FLSA and its employees engaged in commerce or in the production of goods for commerce, handling, and selling, or otherwise worked on goods or materials that have been moved in or produced for commerce by a person, as Defendant operates retail stores and online sales throughout the United States.

16.     Upon information and belief, at all relevant times, Defendant's gross annual sales have been in excess of $500,000.00.

17.     At all relevant times, Ms. Mulhearn was engaged in commerce subject to individual coverage under the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

18.     Ms. Mulhearn brings an FLSA claim for unpaid overtime, minimum wage and commissions on behalf of herself and all similarly situated persons who work or have worked for Defendant as Sales Associates in the Ladies' and Men's Shoe Departments in Defendant's stores in New York and who elect to opt in to this action (the "FLSA Collective").

19.     Ms. Mulhearn and the FLSA Collective are current and former employees of the Defendant within the meaning of the FLSA and were employed by Defendant within three years of the date of the filing of this Complaint. *See* 29 U.S.C. § 255(a).

20.     Defendant is liable under the FLSA for failing to pay Ms. Mulhearn overtime pay at the rate of time and half, failing to pay minimum wages for certain work performed by her, and failing to properly pay all earned commissions. There are also many similarly situated current and former employees of Defendant who were underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

**CLASS ACTION ALLEGATIONS**

21.     Ms. Mulhearn also brings a NYSLL claim on behalf of herself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of "all persons who work or have

worked for Defendant as Sales Associates in the Ladies' and Men's Shoe Departments in retail stores in New York between the six years prior to the filing of this lawsuit and the date of final judgment in this action" (the "Rule 23 Class").

22.    At all relevant times, Ms. Mulhearn and the members of the proposed Rule 23 Class were employees within the meaning of the NYSLL.

23.    The persons in the Rule 23 Class described above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Ms. Mulhearn, the facts on which the calculation of that number can be based are within Defendant's sole control.

24.    Defendant has acted on grounds generally applicable to the Rule 23 Class, thereby making final injunctive or declaratory relief appropriate with respect to the class as a whole.

25.    There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the class, including but not limited to: (a) whether Defendant failed to pay Ms. Mulhearn and the Rule 23 Class members overtime pay for hours worked in excess of 40 hours per work week at a rate of time and a half their regular rates of pay in violation of the NYSLL; (b) whether Defendant failed to pay Ms. Mulhearn and the Rule 23 class members minimum wage for certain hours worked in violation of the NYSLL; (c); whether Defendant failed to pay Ms. Mulhearn and the Rule 23 Class members all earned commissions; (d) the nature and extent of class-wide injury and the appropriate measure of damages for the class; and (e) whether Defendant's policy and practice of failing to pay Ms. Mulhearn and the Rule 23 Class members their overtime wages, minimum wages and commissions was willful or carried out with reckless disregard of the law.

26.     Ms. Mulhearn's claims are typical of the claims of the Rule 23 Class members she seeks to represent.  Ms. Mulhearn and the Rule 23 Class members work or have worked for Defendant as Sales Associates in the Ladies' and Men's Shoe Departments in Defendant's stores in New York and have not been paid a proper overtime premium for the hours they worked in excess of 40 hours per workweek, have not been paid minimum wage for all hours worked and have not been paid proper commissions.  Defendant has acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief appropriate with respect to the Rule 23 Class.  The same wage and hour policies, procedures and practices of Defendant are applicable to all Sales Associates who worked in its Ladies' and Men's Shoe Departments, regardless of location and/or the time period in which they worked.

27.     Ms. Mulhearn will fairly and adequately represent and protect the interests of the Rule 23 Class.

28.     Ms. Mulhearn has retained counsel that is competent and experienced in class actions and in labor and employment litigation, including wage and hour matters.

29.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like this, where the individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The Rule 23 Class members have been damaged and are entitled to recovery as a result of Defendant's unlawful and uniform policies, practices and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

## MS. MULHEARN'S FACTUAL ALLEGATIONS

30.     Ms. Mulhearn was a non-exempt employee under the FLSA and NYSLL.

31.     Ms. Mulhearn was paid pursuant to the Lord & Taylor Ladies' Shoes Associate Draw vs. Commission Program ("Commission Program").  Upon information and belief, the Associates in the Men's Shoe Department were paid according to the same program.

### A.     Unpaid Minimum Wage and Overtime

32.     Ms. Mulhearn was paid a draw at a rate equivalent to the state minimum wage in effect at the time (*e.g.,* $10.00 per hour in 2017 for Westchester County) plus commissions on sales of shoes.  Ms. Mulhearn was also paid straight time for all overtime hours worked at the same minimum wage rate and not time and a half as required by the FLSA and NYSLL.  Additionally, Defendant failed to include commissions in the calculation of her regular rate of pay for purposes of calculating overtime, thereby underpaying her for all overtime hours worked.

33.     Ms. Mulhearn's regular workweek was Sunday through Saturday.  For the past two and a half years, she did not typically work Wednesday or Thursday, but worked the remainder of the week, Friday through Tuesday.  Prior to that, Ms. Mulhearn's schedule was set by Defendant's corporate office and changed monthly so her days off were not consistent.  In years past, she was also required to work sometimes as many as 13 days straight, before having a day off.

34.     Ms. Mulhearn primarily worked two shifts: (1) 9:45 a.m. to 6:15 p.m. (8.5 hours) and (2) 12:45 p.m. to 9:45p.m. (9 hours).  Her daily schedule fluctuated but she generally worked one of these shifts (*e.g.*, she would be assigned to the 9:45 a.m. to 6:15 p.m. shift on Monday, the 12:45 p.m. to 9:45 p.m. shift on Tuesdays, and so on).  She was scheduled for a one-hour lunch break but routinely worked through lunch servicing customers, many times at the behest of managers who wanted the sales associates to remain on the sales floor sometimes taking no breaks.

Her schedule and hours would be longer during the holidays and special sales events. Ms. Mulhearn would also stay extra hours after her regular shift because the Department lacked sufficient coverage. On an almost daily basis Ms. Mulhearn and the other Sales Associates were asked to stay one or two hours beyond their regular shift, or to work a double shift incurring additional overtime for which they were not compensated.

35.     Ms. Mulhearn was required to clock in and out on a timekeeping machine at the beginning and end of her shift. Ms. Mulhearn's time and pay records reflect overtime hours worked for which she was not paid at the lawfully required overtime rate of pay. Because she worked through lunch and was asked to stay extra hours beyond her shift, Ms. Mulhearn also worked additional hours of overtime which are not reflected on her time and pay records and for which she received no compensation.

36.     As part of her regular duties, Ms. Mulhearn was required to perform "Stock Work" in the stockroom every day for one hour before she was permitted to work on the sales floor. Ms. Mulhearn clocked in at 8:30 a.m. or 9:00 a.m. to do "stock work" for the first shift, or 10:30 a.m. or 11:00 a.m. for "stock work" for the second shift. She was not paid overtime for this additional hour of work which was scheduled beyond her regular shift and typically caused her weekly hours to go above 40. Additionally, this "stock work" time, in which she was not selling, was counted against her commissions, so her commissions were unlawfully reduced by this time. In Ms. Mulhearn's view, this was an hour of free labor.

## B.     Unpaid Commissions

37.     In addition to not being paid for all hours worked and not being paid at the proper overtime rate, Defendant did not properly pay Ms. Mulhearn her earned commission in violation of the law and its Commission Program.

38.     Pursuant to the Commission Program, commissions are paid on "net sales" of shoes and are not earned until the "net sales" are determined using a set formula.  The formula for "net sales" is defined as "gross sales less local taxes, customer 'First Purchase discount,' delivery fees, any associate discount, and identified returns (less local taxes)."  "Identified returns" are defined as "returns which can be identified as your [the sales associate] original sale using a sales receipt."

39.     Despite the limited definition of "identified returns," when calculating Ms. Mulhearn's commissions, Defendant improperly charged her for returns that were not directly attributable to her and were not considered "identified returns" because they could not be identified as her sale on an original sales receipt.  Ms. Mulhearn is aware of the following practices in which her earned commissions were unlawfully reduced:

   a.  If a customer purchased a pair of shoes from a Sales Associate and the customer comes to the store to return the shoes, if Ms. Mulhearn assisted in processing the return, then she had that return charged against her commissions even though she was not the salesperson who sold the shoes, and this was not an "identified return" attributable to her.  This practice continued up through approximately 2 years ago when the store received new computers;

   b.  After the new computers were installed, the Company implemented a new code ("999999") which was to be used when a return came in and the Sales Associate who handled the return was not the Sales Associate who made the original sale. The use of this code was supposed to ensure that the return would be processed and assigned to the correct Sales Associate so that the return would count against their commission and not the Sales Associate who processed the return.  Despite this new system being put in place, these returns were still being credited against Ms.

Mulhearn and other Sales Associates who handled returns of shoes they did not sell, and as such, unlawfully reduced their commissions; and

c.    If a customer purchased shoes via the internet and came to the store to return the shoes, if Ms. Mulhearn was the Sales Associate who assisted the customer with the return, the return would be charged against her commissions even though she did not make the sale and it was not an "identified return" attributable to her.  The Sales Associates believed that the Company used a sliding scale to attribute internet returns to the more productive sales people.  For example, if there was $100,000 in returns from internet sales in a given week, the Company would distribute the returns to the Sales Associates currently working at the store but would credit a higher amount to the larger producers like Ms. Mulhearn.  As a result, hers and other top performers' commissions were unlawfully reduced by having internet sales credited against them and then having a higher percentage of those sales attributed to them.

As a result of these practices, Ms. Mulhearn was not paid all of her earned commissions in violation of the law.

40.    Ms. Mulhearn's commission were also reduced by time in which she was clocked in to work but did not actually perform any work.  For example, Ms. Mulhearn would help a customer pick out a pair of shoes on a Tuesday (a day she worked) and the customer would ask to put the shoes aside so the customer could come back another day to pick them up and pay for them. If the customer came back on a Thursday (a day Ms. Mulhearn did not work), Ms. Mulhearn's identification number would be input into the point of sale system to process the sale but it would also have the effect of "clocking" her in to work.  By doing so, it gave the appearance that she was

at work and those hours would then be charged against her commission even though she did not perform any work.

## COLLECTIVE AND CLASS FACTUAL ALLEGATIONS

41.     Consistent with Defendant's policies and practices, Ms. Mulhearn and the members of the proposed FLSA Collective and the Rule 23 Class frequently worked in excess of 40 hours per workweek without being paid overtime wages at the appropriate rate of pay.  They also worked overtime hours for which they were not compensated at all.

42.     Ms. Mulhearn and the members of the proposed FLSA Collective and the Rule 23 Class performed work that was assigned by Defendant who was fully aware of the nature and extent of the work assigned to and performed by Ms. Mulhearn and the members of the proposed FLSA Collective and Rule 23 Class.  All time worked by Ms. Mulhearn and the members of the proposed FLSA Collective and the Rule 23 Class was known and permitted by Defendant.

43.     As part of its regular business practice, Defendant intentionally, willfully and repeatedly engaged in a pattern, practice or policy of violating the FLSA and the NYSLL as to Ms. Mulhearn and the members of the proposed FLSA Collective and the Rule 23 Class.  This policy or practice included but was not limited to: (a) paying Sales Associates in the Ladies' and Men's Shoe Departments overtime hours at the minimum wage rate and not at the required time and a half; (b) failing to pay its Sales Associates in the Ladies' and Men's Shoe Departments overtime wages for hours worked in excess of 40 hours each workweek; (c) failing to pay its Sales Associates in the Ladies' and Men's Shoe Departments minimum wage for all hours worked; (d) failing to pay Sales Associates in the Ladies' and Men's Shoe Departments all earned commissions; (e) making unlawful deductions from the commissions earned by the Sales Associates in the Ladies' and Men's Shoe Departments; and (f) failing to follow its own

12

Commission Program by charging Sales Associates in the Ladies' and Men's Shoe Departments for returns against their commissions which were not authorized by the Program.

44.    Defendant's unlawful conduct as described in this Complaint was carried out pursuant to a corporate policy or practice and pursuant to its own Commission Program.

45.    Defendant is aware or should have been aware that state and federal law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek and to do so at the appropriate rate of pay, to pay employees minimum wage for all hours worked, and to pay employees all properly earned commissions.

46.    All of Defendant's Sales Associates in the Ladies' and Men's Shoe Departments in its stores in New York perform the same fundamental and primary duties, all of which relate to the sale of shoes to customers, and are paid pursuant to the same Commission Program.

47.    Defendant's unlawful conduct has been repeated and was consistent as to all its Sales Associates in the Ladies' and Men's Shoe Departments in all of Defendant's stores in New York.

## FIRST CAUSE OF ACTION
### Unpaid Overtime Wages Under the FLSA
### On Behalf of Ms. Mulhearn and Similarly Situated Current and Former Employees

48.    Ms. Mulhearn realleges and incorporates by reference all allegations in the preceding paragraphs.

49.    Ms. Mulhearn consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

50.    Defendant failed to pay Ms. Mulhearn and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

13

51.     Defendant has engaged in a pattern and practice of violating the FLSA, as described in this Complaint.

52.     Because Defendant's violations of the FLSA, including failing to pay for overtime hours worked and failing to pay overtime at the appropriate rate, were willful, a three-year statute applies to each violation, pursuant to 29 U.S.C. § 255.

53.     Defendant's violations were willful and without good faith or a reasonable basis to believe that the failure to pay overtime wages was lawful.

54.     As a result of Defendant's willful violations of the FLSA, Ms. Mulhearn and all others similarly situated have suffered damages by being denied overtime wages in accordance with 29 U.S.C. § 201(b).

55.     As a result of Defendant's unlawful acts, Ms. Mulhearn and all other similarly situated current and former employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
**Unpaid Overtime Wages Under the NYSLL**
**On Behalf of Ms. Mulhearn and Similarly Situated Current and Former Employees**

56.     Ms. Mulhearn realleges and incorporates by reference all allegations in the preceding paragraphs.

57.     Defendant failed to pay Ms. Mulhearn and the Rule 23 Class Members the overtime wages to which they were entitled under the NYSLL.

58.     By failing to pay for overtime hours worked and failing to pay overtime at the appropriate rate, Defendant willfully violated NYSLL, Article 19, §§ 650 *et seq*., and the

14

supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

59.    Defendant's conduct, as described herein, constitutes a willful violation of the NYSLL without a good faith or reasonable basis to believe its conduct was lawful.

60.    Due to Defendant's violations of the NYSLL, Ms. Mulhearn and the Rule 23 Class Members are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees, costs, and pre- and post-judgment interest.

## THIRD CAUSE OF ACTION
### Unpaid Minimum Wages Under the FLSA
### On Behalf of Ms. Mulhearn and Similarly Situated Current and Former Employees

61.    Ms. Mulhearn realleges and incorporates by reference all allegations in the preceding paragraphs.

62.    Ms. Mulhearn consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

63.    Defendant failed to pay Ms. Mulhearn and other similarly situated current and former employees minimum wages for all hours worked to which they were entitled under the FLSA.

64.    Defendant engaged in a pattern and practice of violating the FLSA, as described in this Complaint.

65.    Because Defendant's violations of the FLSA were willful, a three-year statute applies to each violation, pursuant to 29 U.S.C. § 255.

66.    Defendant's violations were willful and without good faith or a reasonable basis to believe that the failure to pay overtime wages was lawful.

67.     As a result of Defendant's willful violations of the FLSA, Ms. Mulhearn and all others similarly situated have suffered damages by being denied minimum wages in accordance with 29 U.S.C. § 201(b).

68.     As a result of Defendant's unlawful acts, Ms. Mulhearn and all other similarly situated current and former employees have been deprived of minimum wage compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Minimum Wages Under the NYSLL
### On Behalf of Ms. Mulhearn and Similarly Situated Current and Former Employees

69.     Ms. Mulhearn realleges and incorporates by reference all allegations in the preceding paragraphs.

70.     Defendant failed to pay Ms. Mulhearn and the Rule 23 Class Members the minimum wages to which they were entitled under the NYSLL.

71.     By failing to pay minimum wage for all hours worked, Defendant willfully violated NYSLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

72.     Defendant's conduct, as described herein, constitutes a willful violation of the NYSLL without a good faith or reasonable basis to believe its conduct was lawful.

73.     Due to Defendant's violations of the NYSLL, Ms. Mulhearn and the Rule 23 Class Members are entitled to recover their unpaid minimum wages, liquidated damages, reasonable attorney's fees, costs, and pre- and post-judgment interest.

## FIFTH CAUSE OF ACTION
### Unpaid Commissions Under the NYSLL
**On Behalf of Ms. Mulhearn and Similarly Situated Current and Former Employees**

74.    Ms. Mulhearn realleges and incorporates by reference all allegations in the preceding paragraphs.

75.    Defendant failed to pay Ms. Mulhearn and the Rule 23 Class Members commissions to which they were entitled under the NYSLL.

76.    By failing to pay all earned commissions, Defendant willfully violated NYSLL §191.1.C and Article 19, and §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

77.    Defendant's conduct, as described herein, constitutes a willful violation of the NYSLL without a good faith or reasonable basis to believe it conduct was lawful.

78.    Due to Defendant's violations of the NYSLL, Ms. Mulhearn and the Rule 23 Class Members are entitled to recover their unpaid minimum wages, liquidated damages, reasonable attorney's fees, costs, and pre- and post-judgment interest.

## SIXTH CAUSE OF ACTION
### Unlawful Deductions Under the NYSLL
**On Behalf of Ms. Mulhearn and Similarly Situated Current and Former Employees**

79.    Ms. Mulhearn realleges and incorporates by reference all allegations in the preceding paragraphs.

80.    By failing to follow its own Commission Program and reducing Ms. Mulhearn's and the Rule 23 Class Members' commissions through unauthorized deductions, Defendant willfully violated NYSLL §193 and the supporting New York State Department of Labor Regulations.

17

81.     Defendant's conduct, as described herein, constitutes a willful violation of the NYSLL without a good faith or reasonable basis to believe its conduct was lawful.

82.     Due to Defendant's violations of the NYSLL, Ms. Mulhearn and the Rule 23 Class Members are entitled to recover their earned commissions and wages, liquidated damages, reasonable attorney's fees, costs, and pre- and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### Breach of Contract
### On Behalf of Ms. Mulhearn and Similarly Situated Current and Former Employees

83.     Ms. Mulhearn realleges and incorporates by reference all allegations in the preceding paragraphs.

84.     By failing to follow its own Commission Program and reducing Ms. Mulhearn's and the Rule 23 Class Members' commissions through unauthorized charges against hers and their commission, Defendant breached its Agreement with Ms. Mulhearn and the Rule 23 Class Members to pay commissions and calculate those commissions pursuant to the terms of the Commission Program.

85.     As a result, Ms. Mulhearn and the Rule 23 Class Members are entitled to all commissions rightfully earned had Defendant properly followed its own Commission Program.

## EIGHTH CAUSE OF ACTION
### Violation of the Wage Statement Provisions of the NYSLL

86.     Ms. Mulhearn realleges and incorporates by reference all allegations in the preceding paragraphs.

87.     Defendant did not provide Ms. Mulhearn or the Rule 23 Class Members with an accurate statement of wages with each payment of wages as required by NYSLL § 195(3).

88.     Defendant is liable to Ms. Mulhearn and the Rule 23 Class Members in the amount of $5,000.00 each, together with costs and attorney's fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Ms. Mulhearn, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.      At the earliest possible time, Ms. Mulhearn should be allowed to give notice of this collective action, or the Court should issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as Sales Associates in the Ladies' and Men's Shoe Departments in all of its stores in New York State.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

B.      Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and Designation of Ms. Mulhearn as the representative of the Rule 23 Class, and counsel of record as Class Counsel;

C.      At the earliest possible time, Ms. Mulhearn should be allowed to give notice of this class action, or the Court should issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as Sales Associates in the Ladies' and Men's Shoe Departments in all its stores in New York State;

D.      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA and the NYSLL and the supporting New York State Department of Labor regulations;

E.      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Section 195(3) of the NYSLL;

F.        An award of unpaid minimum and overtime wages and an additional equal amount

as liquidated damages pursuant to the FLSA and NYSLL;

G.        An award of unpaid commissions and earned wages and an additional equal amount

as liquidated damages pursuant to the NYSLL;

H.        An award of unpaid commissions for Defendant's breach of the Commission

Program;

I.        An award of pre-judgment and post-judgment interest, as applicable;

J.        An award of attorneys' fees and costs; and

K.        Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Ms. Mulhearn and the

FLSA collective and NYSLL class members demand a trial by jury on all questions of fact raised

by the Complaint.

Dated:    White Plains, New York
          December 4, 2018

**SAPIR SCHRAGIN LLP**

By: _Howard Schragin_

Howard Schragin, Esq.
399 Knollwood Road, Suite 310
White Plains, New York 10603
(914) 328-0366
(914) 682-9128 (fax)
E-Mail:  hschragin@sapirschragin.com
*Attorneys for Plaintiff and the Putative
Collective and Class*